UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN HUNTER, <br> Plaintiff, <br> v. <br> B. GODINEZ, et al., <br> Defendants. | Case No. 18-cv-07788-EMC <br><br> **ORDER OF DISMISSAL WITH LEAVE TO AMEND** <br><br> Docket Nos. 1, 4 |

## I. INTRODUCTION

Adrian Hunter, a prisoner currently housed at the California Men's Colony in San Luis Obispo, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A. His motion for appointment of counsel also is before the Court for review.

## II. BACKGROUND

The complaint alleges the following about an incident that occurred at Salinas Valley State Prison, where Mr. Hunter was then housed: When a fight broke out near the telephones on October 29, 2017, Mr. Hunter left the area and sat down by the shower. Correctional officer (C/O) Godinez "went towards the fight" and C/O Lieathe "walked toward [Mr. Hunter] angry with his can of O.C. and pointed it straight at [Mr. Hunter's] face and said are you up in this?" Docket No. 1 at 4. The prayer for relief asks that C/O Lieathe "be put up on charges of attempt assault of use of force" and that Mr. Hunter be awarded damages. *Id.* (errors in source)

## III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28

U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). Even if § 1915A(a) screening is not called for because relief is not sought from a governmental entity, officer or employee, the court may review a complaint filed *in forma pauperis* to fulfill its duty under 28 U.S.C. § 1915(e)(2) to dismiss the case if it is frivolous or malicious or fails to state a claim on which relief may be granted. *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

An Eighth Amendment violation may occur when prison officials "maliciously and sadistically use force to cause harm, but "not every malevolent touch by a prison guard or official gives rise to an Eighth Amendment violation." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* (citation omitted).

Verbal harassment alone is not actionable under 42 U.S.C. § 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *overruled in part on other grounds by Shakur v. Schriro*, 514 F.3d 878, 884-85 (9th Cir. 2008); *Burton v. Livingston,* 791 F.2d 97, 99 (8th Cir. 1986) ("mere words, without more, do not invade a federally protected right"); *cf. Watison v. Carter,* 668 F.3d 1108, 1113 (9th Cir. 2012) ("'the exchange of verbal insults between inmates and guards is a constant, daily ritual observed in this nation's prisons' of which 'we do not approve,' but which do not violate the Eighth Amendment."). Allegations of mere threats also are not cognizable under § 1983. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not amount to constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

Even with liberal construction, the complaint does not state a claim for a violation of Mr. Hunter's constitutional rights. The complaint indicates that C/O Lieathe pointed a can of pepper spray at Mr. Hunter, but did not actually discharge any pepper spray from that can. Merely pointing a can of pepper spray at a person does not amount to cruel and unusual punishment. The fact that C/O Lieathe made a comment that Mr. Hunter apparently interprets as a threat does not change things because mere words do not amount to a constitutional violation. A claim is not stated against C/O Lieathe. A claim also is not stated against the other defendant, C/O Godinez, who is not alleged to have done anything other than to go towards the fight in an area from which Mr. Hunter had just departed. The complaint is dismissed with leave to amend.

Mr. Hunter may file an amended complaint in which he alleges additional facts, if he has any, to suggest that the event was more than mere threatening words from one correctional officer or that the two correctional officers did something else to violate his constitutional rights. Mr. Hunter is cautioned that he must be careful to allege facts showing the basis for liability for each individual defendant in his amended complaint. He should not refer to them as a group (e.g., "the defendants"); rather, he should identify each involved defendant by name and link each of them to his claim by explaining what each defendant did or failed to do that caused a violation of his constitutional rights. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

Mr. Hunter has requested that counsel be appointed to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Exceptional circumstances are not present at this time because Mr. Hunter has not yet submitted a pleading that states a claim, let alone shows any likelihood of success on the merits. Mr. Hunter's request for appointment of

counsel to represent him in this action is **DENIED**. Docket No. 4.

## IV. CONCLUSION

The complaint fails to state a § 1983 claim upon which relief may be granted. Leave to amend is granted so that Mr. Hunter may attempt to allege the violation of his constitutional rights in an amended complaint. The amended complaint must be filed no later than **May 17, 2019**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Mr. Hunter is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

Mr. Hunter's motion for appointment of counsel is **DENIED**. Docket No. 4.

Mr. Hunter is reminded that he must write the following case name and case number on the first page of every document he files in this action: *Hunter v. Godinez*, No. 18-cv-7788 EMC.

**IT IS SO ORDERED**.

Dated: April 16, 2019

_____
EDWARD M. CHEN
United States District Judge